UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No.: 8:20-bk-01390-RCT
Chapter 7

Eric R. Parker

DEBTORS.              /

MOTION TO SELL REAL PROPERTY, FREE AND CLEAR OF LIENS,
TO HAVE LIENS ATTACH TO PROCEEDS AND
PAY SECURED CREDITOR(S) AND ADMINISTRATIVE / TRANSACTIONAL COSTS
(4414 Star Magnolia Way Riverview, FL 33578)

COMES NOW Stephen L. Meininger, Chapter 7 Trustee, by and through the undersigned counsel, and hereby moves for authority to sell certain improved real property, to have liens attach to proceeds and to pay secured creditors and administrative / transactional costs, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On February 19, 2020, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Stephen L. Meininger was appointed Chapter 7 trustee (the "Trustee").

1

6. The Debtor owns real property, by virtue of a deed, located at 4414 Star Magnolia Way Riverview, FL 33578, more particularly known as:

LOT 2, BLOCK 15, MAGNOLIA PARK NORTHEAST PARCEL "C", ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 118, PAGE (S) 227 THROUGH 231, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY FLORIDA.

(hereinafter the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is clouded as follows:

    a. A mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Pulte Mortgage LLC, recorded in Official Records Book 21554, Page 48 and Corrective Mortgage recorded in Official Records Book 21791, Page 1591, which Mortgage is now held by Nationstar Mortgage LLC (d/b/a "Mr. Cooper"), by virtue of Assignment(s) of Mortgage recorded in Official Records Book 22158, Page 1187 of the public records of Hillsborough County, Florida (hereinafter "Mr. Cooper");

    b. A federal tax lien file on August 2, 2013 in OR Book 22054 Page 109;

    c. a Claim of lien for unpaid Maintenance or assessment Obligations, in favor of Magnolia Park at Riverview Homeowners Association, Inc, recorded in Official Records Book 25132, Page 1229 of the public records of Hillsborough County, Florida; and

    d. a judgment in favor of State of Florida and against Eric Randall Parker recorded in Official Records Book 26374, Page 193, Official Records Book 26374, Page 10 and Official Records Book 26373, Page 1149.

8. The Trustee has accepted an offer from Alexis Shores (the Buyer(s)) to purchase the Property for the gross sale price $ 212,000.00. Said price is sufficient to pay Mr. Cooper in full. The Trustee believes it is a fair offer for the current economy, the condition of the Property, and the length of time the Property has remained on the market.

9. The Trustee seeks permission to satisfy the Mr. Cooper lien at closing and other routine closing costs (more detail below). Any current real property taxes will be paid prorated.

10. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit A.

11. The Trustee believes the proposed sale terms shall be sufficient to pay the administrative expenses of the bankruptcy estate in accordance with 11 U.S.C. §§ 303, 326, as may be allowed, and to cause some distribution to creditors who hold subordinate liens on the Property, including taxing authorities.

## AUTHORITY TO SELL

12. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

13. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f). Nonetheless, the sale proposed by the Trustee satisfies §§ 363(f)(2) and (5).

14. The Trustee avers that he shall satisfy section 363(f) (2) insofar lienholder Mr. Cooper shall consent to the payment of their lien in full and sale of the Property, and that he should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

15. As discussed above the proposed sale will cause a distribution to creditors who hold subordinate liens on the Property, including taxing authorities. The Trustee believes the net sale proceeds, although significant, will not itself be enough to wholly satisfy the subordinate claim of secured lienholder, the Internal Revenue Service (see Claim 3-4, Filed 6/16/20, secured claim $517,651.56).

16. Given the amount claimed by the Internal Revenue Service, it is highly likely that subordinate lienholder **Magnolia Park at Riverview Homeowners Association, Inc** should not receive any benefit from this sale. However, pursuant to Florida Statute Chapter 720 Section 3085, the Buyer is jointly and severally liable for the outstanding homeowner's association dues, and it is essential for this sale to close that these outstanding amounts be paid at closing.  Moreover, the outstanding dues are for services that aided in preserving the value of the Property. Accordingly the Trustee should be authorized to pay these outstanding dues as an administrative expense of the estate pursuant to 11 U.S.C. 503(b).

17. Lastly, given the amount claimed by the Internal Revenue Service, it is highly likely that subordinate lienholder **State of Florida** will **not** receive any benefit from this sale.

Nonetheless the sale should be authorized given the Trustee's obligation to liquidate property of the estate for the benefit of tax lienholder pursuant to 11 U.S.C. § 724(b).

18. Moreover § 363(f)(5) provides that so long as a junior lienholder could hypothetically be compelled to accept a payment of less than the full amount of the security interest, the court could approve such a sale. See In re: Levitt & Sons, LLC, 384 B.R. 630, 648 (S.D.FL 2008). "Furthermore, if the legal or equitable proceeding contemplated by §363(f)(5) would result in a junior lienholder receiving nothing, then a § 363(f)(5) sale that pays them nothing … appear[s] to be permissible." See Scherer v. Federal National Mortgage Association (In re: Terrace Chalet Apartments, Ltd.), 159 B.R. 821, 829 (N.D. Ill 1993). See also In re: Gulf States Steel, 285 B.R. 497, 508 (Bankr. N.D. Ala. 2002)(noting that "§ 363(f)(5) permits a sale free and clear of [of liens] if the Trustee can demonstrate the existence of another legal mechanism by which a lien could be extinguished without full satisfaction of the secured debt."

19. Accordingly, under § 724(b) and either § 363(f) (2) or § 363(f)(5), the Trustee should be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

**CONCLUSION**

20. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed,

subject to Court approval, to pay to the Trustee the gross sum of $212,000.00 in exchange for estate's interest in the Property.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtors to the Buyer, or its assigns, or ultimate purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes, pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages (if any); and (c) other anticipated closing costs:

| | |
|---|---:|
| Total Sales/Brokers Commission: | |
| 6% of base sale price to Charles Rutenberg Realty | $ 12,720.00* |
| *this commission is intended to be shared with a cooperating agent / negotiator. | |
| Title Charges: | $ 1,903.00 |
| Government recording / transfer charges: | $ 1,484.00 |
| Satisfaction of Liens: | |
|     Mr. Cooper | $ 181,130.29 |
| Administrative Expense: | |
|     Magnolia Park at Riverview HOA | $ 4,667.00 |
| Municipal Lien Search: | $ 255.00 |

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to

pay these amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration,

D. Waiving the 14 day appeal period provided for under B.R.C.P. Rule 6004(h) so that the sale of the Property may close immediately upon the entry of an order granting the instant motion, and

E. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.
Leavengood, Dauval, & Boyle, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328
rdauval@leavenlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on December 8, 2020, a true and correct copy of the foregoing was provided by U.S. mail and/or electronic delivery to:
U.S. Trustee, USTPRegion21.TP.ecu@usdoj.gov;
Eric R. Parker, 10028 Ohio Ave., Thonotosassa, FL 33592
Nick Flower, Esq., bankruptcy_court_service@floridacl.com
Trustee Stephen L. Meininger, slmeininger@earthlink.net;
Mr. Cooper c/o Elizabeth Eckhart, eeckhart@logs.com
Magnolia Park at Riverview HOA, Inc., c/o Leland Management 6972 Lake Gloria Blvd., Orlando, FL 32809
Magnolia Park at Riverview HOA, Inc., c/o Sarah Webner, Esq., 860 N. Orange Avenue, Suite 135, Orlando, FL 32801; pleadings@kwpalaw.com
Internal Revenue Service, c/o Colleen Murphy Davis, Assistant United States Attorney, USAO No. 68, colleen.murphy@usdoj.gov
Wai Fok, Bankruptcy specialist, Internal Revenue Service, 600 Arch Street, Room 5200, Philadelphia, PA 19106
State of Florida, c/o Pat Frank, Clerk of the Circuit Court, PO Box 3360, Tampa, FL 33601

and all parties of interest that have filed a proof of claim in this case or filed a notice of appearance pursuant to Rule 2002-1(c) on this December 8, 2020.

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.